PER CURIAM.
Reginald Wright appeals the summary denial of his motion for postconviction relief. We reverse.
All of Wright’s claims involve the same allegations. Wright states that he was charged with, and on the advice of counsel pled to, possession of amphetamine. He did so even though the pills in his possession were only penicillin. When told about this, counsel replied that penicillin is a prescription drug and therefore, having possessed it without a prescription, Wright was guilty of a felony.
The trial court’s order states that no error occurred, and thus no deficiency on counsel’s part, because “penicillin is an amphetamine.” The order cites section 893.-03(2)(c)(2), Florida Statutes (1991), for this premise. This subsection, read in conjunction with section 893.13(l)(a)2, contains a list of “schedule II” drugs whose possession is a third degree felony. While the list includes the term “amphetamine,” it does not mention penicillin. A separate statute, section 893.13(l)(f), does proscribe the possession of controlled substances without a prescription, but we find no indication that the legislature intended to classify penicillin as a controlled substance. Assuming Wright’s facts are correct, the more appropriate charge would be possession of a medicinal drug without a prescription, pursuant to section 499.03, Florida Statutes (1991). Since this crime is only a misdemeanor, Wright quite obviously would be prejudiced by the entry of a felony conviction based on such conduct.
After remand the trial court should reexamine the files and records in this case in an effort to determine whether anything therein conclusively refutes Wright’s claim that counsel rendered ineffective assistance by recommending a plea. If so, the court may again deny the motion, attaching to its order whatever exhibits it has relied upon. Otherwise an evidentiary hearing will be necessary. Any party aggrieved by the subsequent actions of the trial court must file a timely notice to obtain further appellate review.
Reversed.
RYDER, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.